UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEDDY HAMMOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-2096-RWS |
| | ) |
| AL LUEBBERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Teddy Hammock (registration no. 1086736) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $110.46, and an average monthly balance of $172.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $34.40, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are]

supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Al Luebbers (Warden), John F. Barker (Correctional Officer), Dennis L. Brand (Correctional Officer), Marvin H. Chapman (Correctional Officer), Robert Peura (Functional Unit Manager), Keith Hovis (Classification Service Trainee), Dwayne Kemper (Deputy Division Director), and Randy Camden (Investigator).

Plaintiff's allegations arise out of his confinement at the Farmington Correctional Center. He alleges that defendants Barker and Brand violated his Eighth Amendment rights by using unnecessary and excessive force on November 5,

2009, while they were escorting plaintiff to the administrative segregation unit. Plaintiff's Eighth Amendment claims against defendants John Barker and Dennis Brand are sufficient to proceed at this time.

Plaintiff also alleges that defendants Barker, Luebbers, Chapman, Peura, Hovis, Kemper, and Camden were responsible for issuing him, finding him guilty of, and refusing to overturn a false conduct violation relative to the November 5 incident. Plaintiff further claims that defendants Barker and Chapman failed to read him his Miranda rights. Plaintiff states that after being found guilty of the conduct violation, he was sanctioned to thirty days of disciplinary segregation, referred to an administrative segregation committee for possible assignment, referred for a conditional release extension hearing, and referred for prosecution. In addition, his custody level was raised and he was transferred to an "appropriate institution."

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations relative to the false conduct violation do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Moreover, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo,

124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). Plaintiff's claim that defendants Barker and Chapman failed to read him his Miranda rights in connection to the conduct violation does not rise to the level of a constitutional violation and fails to state a claim under § 1983. Last, inmates have no constitutional right to a particular prison classification or housing assignment, and plaintiff does not allege a liberty interest created by state law. See Nash v. Black, 781 F.2d 665, 668 (8th Cir. 1986); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). As such, the complaint will be dismissed, without prejudice as to defendants Al Luebbers, Marvin H. Chapman, Robert Peura, Keith Hovis, Dwayne Kemper, and Randy Camden.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $34.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's Eighth Amendment claims against John F. Barker and Dennis L. Brand, the Clerk shall issue process or cause process to be issued on the complaint. All other claims against these two defendants are legally frivolous and are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Al Luebbers, Marvin H. Chapman, Robert Peura, Keith Hovis, Dwayne Kemper, and Randy Camden, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE